**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT FRANKFORT**
**CIVIL CASE NO: 05-57-KKC**

**MARION STRATTON KINCAID,**                                                         **PETITIONER,**

**V.**

**PATTI WEBB, Warden,**                                                                        **RESPONDENT.**

**REPORT & RECOMMENDATION**

Petitioner Marion Stratton Kinkaid, an inmate at the Little Sandy Correctional Complex in Sandy Hook, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Background and Procedural History**

Petitioner states that he was convicted pursuant to his guilty plea on August 9, 2000, and sentenced in accordance with the plea agreement to twenty years imprisonment. Petitioner filed no direct appeal of his conviction. The judgment became final not later than December 7, 2000, which respondent calculates by adding thirty days for filing a notice of appeal in state court, plus ninety days for the filing of a petition for writ of certiorari.[1]

---

[1]Ordinarily, a state court conviction becomes "final" for purposes of calculating the statute of limitations under §2244 when a petition for writ of certiorari is denied or upon the expiration of the ninety-day period in which a state court petitioner could file a petition for writ of certiorari with the United States Supreme Court, seeking federal review of the appellate opinion of the highest state court. *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003). However, in this case the petitioner could *not* have filed a petition for writ of certiorari with the United States Supreme Court since he failed to first

The one-year federal statute of limitations runs from the date the conviction became "final" but can be tolled during any period of time "during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d).  Petitioner did nothing to challenge his conviction from the date he was convicted until he filed a "request for records" on June 14, 2001.  On March 14, 2002, the state court denied his request for records, a ruling that petitioner did not appeal.  Arguably on March 15, 2002, the statute of limitations began to run again.[2]

On May 28, 2003, petitioner filed a motion to vacate the conviction in state court, pursuant to Ky. RCr 11.42, which motion was thereafter denied by the state trial court.   Petitioner appealed the denial if his RCr 11.42 motion to the Kentucky Court of Appeals, which affirmed the trial court's decision on March 18, 2005.  On June 8, 2005, the Kentucky Supreme Court denied petitioner's petition for discretionary review.

On or about July 6, 2005, petitioner alleges that he placed his federal petition for writ of habeas corpus in the mail to the United States District Court for the Western District of Kentucky.  The petition was transferred to this court on August 8, 2005.

**II.  Applicable Statute of Limitations**

---

appeal his conviction in state court within the thirty-day period prescribed by state law.  In fact, as petitioner notes in his reply, he waived his right to appeal his conviction in his plea agreement.  Under the circumstances presented, petitioner's conviction may be considered "final"at the expiration of the thirty-day period in which he could have perfected an appeal in state court.

[2]The respondent mistakenly adds 30 days for appeal under state law plus 90 days for the filing of a federal petition for writ of certiorari.  However, the addition of these periods ordinarily only apply to judgments of conviction - not to state court rulings on procedural motions.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d). The statute generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

In this case, petitioner does not directly argue that his motion for records in state court tolled the statute of limitations, as that motion would not qualify as one seeking review of the claims presented here. Instead, petitioner argues that his RCr 11.42 motion, filed in state court on May 28, 2003, operates to toll the federal statute of limitations. Petitioner filed his RCr 11.42 motion approximately 33 months after his conviction. Petitioner reasons that because his RCr 11.42 motion was timely filed under state law, because the Commonwealth of Kentucky allows defendants a three-year time period from the date of conviction in which to file such motions, his federal petition must also be considered timely. What petitioner fails to realize, however, is that the one-year federal period runs independently of the state court statute of limitations. Thus, unless petitioner had filed his RCr 11.42 motion within the federal limitations period, the filing of that motion did nothing to stop the running of the federal statute.

In this case, the one-year federal limitations period began to run *no later than* (and arguably before) December 7, 2000 and expired on December 6, 2001. Although a properly filed post-conviction motion filed in state court can serve to toll the statute of limitations in some circumstances, *see* 28 U.S.C. §2244(d)(2), in this case the petitioner's post-conviction motion did not extend the federal statute because it was filed at least eighteen months after the federal statute of limitations had

3

expired. Because the statute had already expired, there was no time left to toll by the filing of a state motion. *See Jurado v. Burt*, 337 F. 3d 638, 640-641(6th Cir. 2003).

Petitioner alternatively argues that equitable tolling should apply in that his federal petition was delayed by the state's failure to provide him with a copy of his records and/or by his own attorney's failure to do the same. However, even petitioner's request for records was not filed until June 14, 2001, at which time (using Respondent's generous calculation) at least 187 days of the 365 day federal period had elapsed. The state court denied petitioner's request for records on March 14, 2002. Petitioner did not appeal that denial, yet waited more than a year before filing his RCr 11.42 motion. Therefore, even equitably tolling the time period during which petitioner was seeking records through a motion in state court would not aid the petitioner, because the one-year federal statute still would have expired long before he filed his application for state court relief.

### III. Conclusion and Recommendation

As the petition is clearly time-barred, **IT IS RECOMMENDED THAT** the Respondent's Motion to Dismiss [DE #6] be **granted**, that the Respondent's alternative motion to extend time [DE #6] be **denied as moot.** The petition for writ of habeas corpus should be **denied** as barred by the applicable statute of limitations, and this case should be dismissed from the active docket.

**OBJECTIONS** to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and*

4

*Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule Fed. R. Civ. P. 72(b).

This 15th day of November, 2005.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge