UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-57

MARION STRATTON KINCAID,                                                    PLAINTIFF

v.                                       **ORDER**

PATTI WEBB, Warden,                                                        RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On or about July 6, 2005, plaintiff Marion Stratton Kincaid filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration on August 8, 2005.

The Magistrate Judge filed his proposed report and recommendation on November 15, 2005. Based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concluded that the petitioner's request for habeas relief was time barred as the petition was filed more than one year after "the date on which the [state court] judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the Magistrate Judge recommends that plaintiff's habeas petition be denied, and that this action be dismissed and stricken from the docket.

On December 1, 2005, plaintiff filed objections to the Magistrate Judge's proposed report and recommendation. Specifically, the plaintiff challenged the court's finding that his claim was time-barred, arguing that his filing of a motion to vacate his conviction in state court tolled the applicable federal deadlines. He claimed that because of this tolling, the Magistrate Judge's decision to not address the merits of his claim was in error.

After a Magistrate Judge issues a proposed report and recommendation, this Court must undertake a *de novo* review of the parts of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C). After undergoing such a review, this court finds that the Magistrate Judge was correct in his determinations.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). This one year period begins from the date that the state court judgment becomes final at the conclusion of direct review, however that time period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* Petitioner in this case claims that his motion for post-conviction relief, made 33 months after his conviction, pursuant to Ky. R.Cr. 11.42 operated to toll the AEDPA deadlines. The motion was timely under state law, as the Commonwealth of Kentucky allows defendants a three-year window to challenge their convictions. However this does not change the fact that the petition was untimely under AEDPA, as it was filed at least 18 months after the statute's time limitations had expired. As the Magistrate Judge made clear, because the statute had already expired at the time of the state filing, there was no time left under AEDPA that could be tolled. *See Jurado v. Burt*, 337 F.3d 638, 640-41 (6th Cir. 2003).

Thus having fully considered plaintiff's objections, which the Court finds to be without merit, and having undertaken a *de novo* review, the Court hereby adopts the Magistrate Judge's proposed findings of fact and conclusions of law.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

    (1)    the Magistrate Judge's report and recommendation (Rec. 10) is ADOPTED

as and for the opinion of the Court;

(2) plaintiff's objections to the Magistrate Judge's report and recommendation (Rec. 11) are OVERRULED;

(3) plaintiff's petition for a writ of habeas corpus (Rec. 1) is DENIED and dismissed with prejudice; and

(4) judgment will be entered contemporaneously with this opinion and order in favor of defendant.

This the 19th day of December, 2005.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**